## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
SUZANNE PEACE and WENDY VERA,      )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    No. 12 C 6010
                                   )
PREMIER PRIMARY CARE PHYSICIANS S.C.,)
NAUSHEEN HASAN, M.D., and          )
NAJ HASAN,                         )
                                   )
            Defendants.            )
```

**MEMORANDUM OPINION AND ORDER**

Suzanne Peace and Wendy Vera bring this action for unpaid overtime wages and retaliation against Premier Primary Care Physicians S.C. ("Premier"), Nausheen Hasan ("Dr. Hasan"), and Naj Hasan. Defendants operate a suburban medical practice; plaintiffs worked in defendants' office until their employment was terminated in 2012.

Plaintiffs have filed a motion to compel defendants to provide the names and contact information of defendants' patients. They contend that they are entitled to this discovery because of defendants' proffered reasons for their terminations. Attached to plaintiffs' motion are the termination letters they received from defendants. Peace's termination letter states, in pertinent part: "We have discussed your pattern of disruption of the work place and unprofessional behavior. . . . Among other issues, your misconduct

that became apparent on Wednesday, June 6, 2012 misrepresenting to Medicaid [Premier's] hours of operation . . . was so egregious that [Premier] is not confident that you can consistently represent our practice in a professionally appropriate manner with patients and those with whom we do business; therefore we are terminating your employment effective immediately." (Pls.' Mot. to Compel, Ex. E.)

Vera's termination letter states, in pertinent part: "[Y]ou have been performing in a manner which has adversely impacted the schedule, patient flow and Dr. Hasan's ongoing relationships with her patients. . . . Patients have complained that you are rude and unhelpful to them on the phone and when they are at the office. Patients have reported not receiving reminder calls for their appointments." The letter contains other examples of patient complaints; none of the patients are identified in the letter. The letter also states: "It [] appears that you have intentionally attempted to undermine Dr. Hasan's practice of medicine," and it refers to two alleged instances where Dr. Hasan's schedule was "very light" or "showed many openings," yet Vera allegedly told patients that Dr. Hasan was not available to see them. (Pls.' Mot. to Compel, Ex. G.)

In response to plaintiffs' discovery requests, defendants also provided summaries of plaintiffs' alleged misconduct. Included in the alleged misconduct are "[u]nprofessional and disrespectful conduct towards the owners, other employees, patients, and visitors

of [Premier]"; "complaints from patients of rude and unprofessional behavior"; and "loss of patients due to rude and unprofessional behavior." (Pls.' Mot. to Compel, Ex. C.)

In addition to the names and contact information of defendants' patients, plaintiffs seek the contact information of non-patient individuals identified in defendants' disclosures as having allegedly complained about plaintiffs' failure to perform their job duties. They also seek unredacted office schedules relevant to defendants' claim that Dr. Hasan's schedule of patients was "very light" during the last few weeks of Vera's employment and then "suddenly and significantly picked up again." (Pls.' Mot. to Compel, Ex. G.) Defendants have given plaintiffs copies of office schedules with patients' names redacted.

Plaintiffs also seek an order directing Dr. Hasan to answer questions regarding specific patients who allegedly witnessed plaintiffs' unprofessional behavior. They explain that during Dr. Hasan's deposition, defendants' counsel instructed Dr. Hasan not to answer questions about the identity of patients who had been present at the office when Peace had allegedly acted in an unprofessional manner and about the identity of a patient who allegedly had to "cover for" Peace at the office when she was absent without prior notice. Plaintiffs' motion states that plaintiffs' counsel discontinued Dr. Hasan's deposition due to defendants' counsel's "continuous, improper objections." (Pls.'

Mot. to Compel at 5.)

Defendants have filed a response that is rife with *ad hominem* argument. We have focused on the portions that are truly responsive to plaintiffs' motion. Defendants acknowledge that plaintiffs' job performance is at issue, and they even concede that defendants have contacted several patients, "carefully selected" for their "loyalty to Defendants," "in order to discredit [p]laintiffs' claims of satisfactory job performance." (Defs.' Resp. at 3.) At the same time, defendants contend that plaintiffs are not entitled to obtain contact information for other patients because these patients could not offer any relevant testimony or they would not refute the testimony of defendants' witnesses. Defendants also contend that their patients' privacy rights outweigh the plaintiffs' interest in obtaining discovery with "so little obvious benefit." (Defs.' Resp. at 13.)

We are not persuaded by these objections. We agree with plaintiffs that defendants' invocation of patient-privacy concerns is odd, considering defendants' own contacts with patients with regard to this case. Given that plaintiffs seek only contact information, not medical records or medical information, privacy concerns are minimal and outweighed by the plaintiffs' right to relevant discovery. As grounds for plaintiffs' termination, defendants cited a "pattern of disruption of the work place and unprofessional behavior" as to Peace and, as to Vera, performance

"in a manner [that] adversely impacted the schedule, patient flow" and relationships with patients. Plaintiffs are entitled to discovery that could lead to evidence that would rebut these proffered reasons; patients' testimony could be relevant to whether these reasons were pretextual. That said, given the relatively small stakes of this litigation, we will limit this discovery to 25 patients. Defendants are directed to provide plaintiffs with the contact information for 25 patients of plaintiffs' choosing who are identified in plaintiffs' amended initial disclosures.[1] Defendants shall also provide the names and, if they have it, the contact information of non-patient individuals identified in their disclosures as having allegedly complained about plaintiffs' failure to perform their job duties. Defendants need not provide unredacted copies of the office schedules already provided in discovery. Furthermore, plaintiffs are given leave to reopen and complete Dr. Hasan's deposition and may question Dr. Hasan about the identity of patients who allegedly witnessed plaintiffs' unprofessional behavior, and Dr. Hasan is directed to answer those questions.

Defendants have filed a mirror-image motion for a protective

---

[1] Defendants state that "at least one" of the patients identified by plaintiffs is deceased. (Defs.'s Resp. at 5.) By March 14, 2014, defendants should tell plaintiffs which patient is deceased so that plaintiffs do not include this individual in their discovery request.
Defendants request that we "require Plaintiffs to provide the results of all interviews" with patients. (Defs.' Resp. at 15.) We will not require plaintiffs to provide defendants with summaries of the interviews, but plaintiffs should supplement their discovery responses with any relevant information learned in any patient interviews.

order, which is denied to the extent that we have allowed certain discovery requested by plaintiffs and granted to the extent that we have limited the discovery, as set forth above.  Because we are granting in part and denying in part each party's motion, we decline to award sanctions to either party.  And again, we strongly encourage the parties to seriously consider settling this case as soon as possible.

## **CONCLUSION**

Plaintiffs' motion to compel [58] is granted in part and denied in part.  Defendants' motion for a protective order [64] is granted in part and denied in part.  By March 24, 2014, plaintiffs shall provide defendants with their list of 25 patients whom they wish to contact.  Defendants shall provide the corresponding contact information, along with the other discovery we have ordered, by March 31, 2014.  Plaintiffs may reopen and complete the deposition of Dr. Hasan, which shall be taken no later than April 18, 2014.  A status hearing is set for May 21, 2014 at 10:30 a.m. to discuss the next steps in this case.

DATE:     March 17, 2014


ENTER:    _____

          John F. Grady, United States District Judge